Nash, J.
 

 In this case, it appears that the plaintiff purchased from one Robert Orr a parcel of corn, the subject of this suit, before February Term, 1843, ofBfenderson County Court. At the time this purchase was made by the plaintiff, the corn had been levied on to satisfy an execution issued by a single magistrate, which execution had been staid by Orr, the defendant, according to law, before he sold to the plaintiff. By the defendants it \yas admitted, that the corn was originally the property of Orr, but that they had purchased it at a sale made by the sheriff of Yancy under two executions, issuing from the February Term, 1843, of Henderson County Court. And further, that the plaintiff acquired no title by his purchase from Orr, because the corn had been levied on to satisfy the magistrate’s execution. Upon this last point the Judge decided that, after the defendant Orr had staid the judgment, the levy was removed, and the corn was restored to the possession of Orr, and he had the right to sell it to whom he pleased. In this opinion we concur with his Honor, from the plain and manifest meaning of the act of assembly, authorising the stay ; and for the additional reason, that if it were not so, it is a question in which no one had an interest but the plaintiff in that execution ; and that the present defendants could not avail themselves of it. To support their second objection, the defendants offered in evidence two executions, which had issued from February Term, 1843, ofHenderson County Court, founded upon alleged judgments, upon executions issued by a magistrate, levied upon land and returned to court. The plaintiff objected that there were no judgments upon which the executions could issue. This objection was sustained by the court .and the papers not permitted to be read to the jury. These
 
 *220
 
 papers are made a part of the case. If we were to take the exception, simply as it is stated, we should at once say, that the objection on the part of the defendants can not be sustain-e(^ rp^gy ciajm title to the corn under a sale made by the sheriff by virtue of two executions, which issued from the February Term, 1843, of Henderson County Court. But before that Term the case states, the plaintiff had purchased the corn from the owner, Robert Orr. But it is obvious that the question the parties intended to submit, is, whether by the proceedings in the County Court, previous to February Term and the executions issuing from September Term, 1842, taken in connexion with the executions from that Term, the power of Robert Orr to sell the corn, at the time he did, was not taken away, and whether in that case the plaintiff had by his purchase acquired any to it. The case states, that two judgments had been obtained before a magistrate; one at the instance of Ephraim Henry, and the,other at'
 
 that
 
 of Robert Henry, against Joseph Wood and Robert Orr. These executions had been levied on the same tract of land, and the land sold and return made to the September Term, 1842, of Yancy County Court, show-ingabalance due upon each execution. From September Term
 
 ft. fas.
 
 issued in the case of Ephraim Henry against both the defendants, and in the case of Robert'Henry against Robert Orr alone. These executions were returned to February Term, 1843, and endorsed by the sheriff — no goods; and from that Term
 
 fi.fas.
 
 again issued, the one in the case of Ephraim Henry against Qrr alone, and the other as the execution had issued from September Term. Under these executions, the corn was sold, and the defendants purchased and took possession. These executions were not alias
 
 fi.fas.,
 
 nor do they profess so to be, and have no connexion with those which had issued from September Term. If they had been alias
 
 fi. fas.
 
 they would have kept up and continued any lien upon the corn created by the original
 
 fi. fas.
 
 But the executions from September Term were void, because there were no judgments au-thorising them.
 
 Borden
 
 v.
 
 Smith,
 
 3 Dev. & Bat. 34.
 
 Irwin
 
 v.
 
 Sloan,
 
 2 Dev. 351. And the
 
 fi. fas.,
 
 which issued from
 
 *221
 
 February Term, 1843, were clearly void for the same They were executions against Robert Orr alone, and there were no judgments in that court against him. At the time then that the plaintiff purchased the corn, the title to it was in Robert Orr, unincumbered by any liens of any kind, as far as the case shows, and he had an unquestionable right to sell it
 
 to the plaintiff,
 
 and who by his purchase, acquired the title. We agree with his Honor on all the points decided by him, and the judgment is therefore affirmed.
 

 Per Curiam, Judgment affirmed.